[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On our about July 23, 1988 the plaintiff and the defendant executed a purchase agreement wherein the plaintiff ordered from the defendant a Rampgage 28-155 boat. The plaintiff gave to the defendant a down payment of $7,200 in cash. The written purchase agreement, which is in evidence, had no dates specified for delivery, indeed said date was crossed out. This agreement was dated July 23, 1988 and the plaintiff has testified and the court finds that he was led to believe that the boat would be delivered to him in approximately two weeks, that is during the first week of August, 1988. In reliance thereon amongst other things he arranged to take two weeks vacation in order to use his new boat and approximately within one week of the execution of this agreement he delivered his 23 foot Grady White boat, for which he was allowed a trade-in amount of $13,000, to the defendant. The defendant entered this boat in the Clinton used boat show and indeed said boat was sold for $13,500 and $12,000 of which used by the defendant to partially pay for a Rampgage Boat which was under manufacture in Rhode Island.
The plaintiff kept after the defendant and the delivery date was extended and extended and finally on the 9th of September the plaintiff went with the defendant to Rhode Island to pick up a boat. When they arrived the plaintiff learned that the boat still had not been completed, that is, all of the extras, including outriggers, that had been ordered by the plaintiff were not installed but CT Page 792 they brought the boat to the defendant's place of business in Connecticut. Three days later the plaintiff contacted the defendant and cancelled the purchase order for the boat. Thereafter the defendant through its president stated to the plaintiff that, "don't worry you won't lose a dime." Apparently part of the reason for the defendant taking this posture was that it had an on-going business relationship with a third party who was well known to the plaintiff and with whom the defendant desired to remain on favorable business terms.
Since that time the defendant has returned to the plaintiff the sum of $5,000 but has refused to return any further sums that might be due.
Because the boating season is so short and because the plaintiff delivered to the defendant his trade-in boat which the defendant accepted and which the defendant sold, the court finds that the reasonable delivery date for the boat was to have been in the first week in August. The failure of the defendant to deliver the fully completed boat at least by the Rhode Island trip of September 9th, 1988, provided reasonable grounds for the plaintiff to renounce the contract which he did three days later. At that point having been thus delayed beyond the active boating season, there were reasonable grounds for the plaintiff to have suspicions as to whether or not the boat would be delivered in the reasonably near future. Thus the court finds that his renunciations of the contract, if indeed it can be called a contract, was reasonable at that time.
This renunciation was accepted by the defendant as evidenced by his offer to the plaintiff that "don't worry you won't lose a dime," followed up by a return of $5,000 of the money due.
The court finds that the plaintiff has sustained his burden of proving that he is entitled to a return of the money and properties transferred. Allegations of the amended complaint by the plaintiff claiming a violation of the Unfair Trade Practices Act are not sustained by the evidence.
In connection with the special defenses and the counterclaim the court finds that the evidence fails to sustain the special defenses and indeed the defendant admits of record that their evidence has not sustained their burden of proof in connection with the counterclaim.
Accordingly, the court finds for the plaintiff on the complaint and awards to the plaintiff damages in the CT Page 793 amount of $15,200 and costs as may be taxed by the clerk. Judgment is entered in favor of the plaintiff on the counterclaim.
It is so ordered.
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision. Michael Kokoszka, Chief Clerk